UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LITICIA LOPEZ,<br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant.[1] | No. 3:20-cv-01901 (SRU) |

## ORDER GRANTING COMMISSIONER'S CONSENT MOTION FOR ENTRY OF JUDGMENT WITH REVERSAL AND REMAND

The defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), has moved to enter judgment under sentence four of 42 U.S.C. § 405(g), with a reversal and remand of the cause to the Commissioner for further action. *See* Doc. No. 22.  Counsel for the Commissioner represents that he has contacted counsel for Plaintiff, Olia M. Yelner, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), I have the authority to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

---

[1] On or about July 9, 2021, Kilolo Kijakazi became the acting Commissioner of the Social Security Administration and is substituted for Andrew Saul as defendant in this action. *See* Fed. R. Civ. Proc. 25(d)(1).  The Clerk of the Court is directed to update the docket accordingly.

Here, the Commissioner has determined that a remand of the case for additional administrative action is necessary. Upon remand, the ALJ will be instructed to take the following actions: (1) reassess the nature and consistency of Plaintiff's mental impairments and subjective complaints in greater context with the record of evidence, including her treatment measures and compliance with treatment; (2) evaluate the persuasiveness of the medical opinions in terms of their supportability and consistency with the entire record; (3) resolve any potential conflict regarding the uncertainty and subjectivity of what constitutes a "small group setting" in the ALJ's RFC finding; (4) further assess Plaintiff's obesity and its potential impact on her functioning; (5) offer Plaintiff the opportunity for a new hearing; and (6) take further action to complete the administrative record resolving the above issues and issue a new decision.

Accordingly, I **GRANT** the Commissioner's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g). The Clerk shall enter a judgment of reversal and remand under sentence four of 42 U.S.C. § 405(g), and shall remand the case to the Commissioner for further proceedings consistent with the motion.

So ordered.

Dated at Bridgeport, Connecticut, this 5th day of November 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge